James H. Boomer, J.
This negligence cause of action arose on December 22, 1970, and plaintiff mailed the summons to the Sheriff of Queens County on December 14, 1973. The summons was received by the .Sheriff on December 26, 1973, after the three-year Statute of Limitations had run; and it was served by the Sheriff upon the defendant in Queens County on January 14, 1974, within 60 days after the statute had- run. The Statute of Limitations is extended for a 60-day period if1, prior to the time the statutory period has run, ‘ ‘ the summons is delivered for service upon the defendant to a sheriff in a county in which the defendant resides ”. (CPLR 203, subd. [b], par. 5.)
Plaintiff, citing Palm v. Jones (74 Misc 2d 580), claims that delivery to the Sheriff was accomplished when the summons was mailed to the Sheriff. I disagree. By express provision of law, service of a paper in a pending action is deemed complete when the paper is deposited in the mail (CPLR 2103, subd. [b], *412 par. 2); but, here, no. action was pending when the summons was mailed to the Sheriff and there is no statute or rule providing that delivery of a summons to the Sheriff shall be deemed to be made when the summons is deposited in the mail.
Paragraph 5 of subdivision (b) of CPLB 203 clearly requires that the summons be delivered£ £ to the sheriff ’ ’ and not delivered to the post office for delivery to the .Sheriff. Elsewhere in the CPLB when the words ££ delivering to ” are .used, they mean exactly what they say. Subdivision 1 of CPLB 308 provides that personal service of a summons maybe made “ by delivering the summons within the state to the. person to be served.” (Emphasis^supplied.) Under this subdivision service is made only at the time the summons is delivered to the defendant and not before.
Had the- drafters of the CPLB meant to toll the Statute of Limitations upon mailing of the summons to the Sheriff, they could have clearly said so. It is reasonablé to assume, however, that "they adopted as the controlling date the date of receipt of the summons by the Sheriff. The adoption of any prior date would invite abuses. (See Eleventh Annual Report of N. Y. Judicial Conference, 1966, p. 358, recommending enactment of L. 1965, eh. 113, amending CPLB 203, subd. [b], par. 5.) Since the Sheriff is required to keep records, the date of receipt by the Sheriff may be more reliably established than the date of mailing to him.
The motion to dismiss is granted.